**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-2020**

_____

DUNES WEST RESIDENTIAL GOLF PROPERTIES,
INCORPORATED,

Plaintiff - Appellant,

versus

ESSEX INSURANCE COMPANY,

Defendant - Appellee.

_____

**No. 06-2041**

_____

DUNES WEST RESIDENTIAL GOLF PROPERTIES,
INCORPORATED,

Plaintiff - Appellee,

versus

ESSEX INSURANCE COMPANY,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:05-cv-01354-DCN)

_____

Argued:  December 6, 2007          Decided:  December 28, 2007

Before WILKINSON and SHEDD, Circuit Judges, and James P. JONES, Chief United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert L. Widener, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Dunes West Residential Golf Properties, Incorporated. John L. Choate, CHOATE & ASSOCIATES, INC., Atlanta, Georgia, for Essex Insurance Company.  **ON BRIEF:** Michael A. Scardato, MCNAIR LAW FIRM, P.A., Charleston, South Carolina, for Dunes West Residential Golf Properties, Incorporated.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dunes West Residential Golf Properties, Inc. ("Dunes West") appeals from the district court's order granting summary judgment in this insurance coverage action. Finding no error, we affirm.

I

Dunes West owns and operates a development in Mount Pleasant, South Carolina.[1] Part of the development is a golf course, which is separately owned and operated by Scratch Golf Company ("Scratch Golf"). In April 1998, Scratch Golf sued Dunes West for breach of contract; in November 1999, it amended its complaint to add a claim alleging that Dunes West failed to maintain the ponds and water systems in the development and that this failure resulted in salt water leaking into the golf course irrigation system, causing damage to the grass on the course.

From December 7, 2001, to June 22, 2002, Dunes West was insured under a commercial general liability policy issued by Essex Insurance Company ("Essex").[2] Acting pursuant to this policy, Dunes West notified Essex of Scratch Golf's claims against it and demanded coverage. After Essex refused, Dunes West filed this

---

[1]We recite the facts here largely as they were recounted by the district court.

[2]The policy period was December 7, 2001 to December 7, 2002. However, the policy was cancelled on June 22, 2002, due to non-payment of premiums.

3

action alleging breach of contract and bad faith.  Essex moved for summary judgment, arguing that coverage (1) was excluded by the policy's contractor limitation endorsement; (2) was excluded by the policy's intentional or expected act exclusion; and (3) was not triggered because there had been no "occurrence" as defined in the policy.  The district court found that the contractor limitation endorsement and the intentional/expected act exclusion did not bar coverage.  However, the district court agreed with Essex that coverage did not exist because there had been no "occurrence."  The district court therefore granted Essex' motion for summary judgment.  Dunes West now appeals.

"We review the district court's order granting summary judgment de novo, viewing the facts in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party."  Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

4

must prevail as a matter of law." Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 251-52 (1986).


II

Dunes West argues that the damage Scratch Golf alleges it
caused constitutes an "occurrence" under the policy. Both parties
agree that any damage which occurred prior to the policy's
effective date (December 7, 2001) is not covered under the policy.
It is only the damage to the golf course which continued into the
policy period that is at issue in this case.

The policy defines "occurrence" as "an accident, including
continuous or repeated exposure to substantially the same general
harmful conditions." "Accident," in turn, is undefined in the
policy but has been defined by the South Carolina courts. In
Stevenson v. Connecticut Gen. Life Ins. Co., 218 S.E.2d 427, 430
(S.C. 1975), the Supreme Court of South Carolina held that whether
an accident had occurred "is not to be determined in terms of
whether [an event] was reasonably foreseeable, but in terms of . .
. whether it was an event which [the insured] actually expected or
anticipated." An accident, then, will not occur where an insured
anticipated or expected an event prior to its occurrence.

In this case, no reasonable finder of fact could conclude that
Dunes West did not actually expect or anticipate the damage to the
golf course which occurred during the policy period. Scratch Golf

5

first alleged golf course damage at least two years before the beginning of the policy period, giving Dunes West actual notice of the damage. These allegations put Dunes West on notice that salt water was entering the irrigation system due to Dunes West's negligence, resulting in damage to the golf course which manifested itself by November 1999. Any damage to the golf course which occurred after the policy period began was simply a continuation of the damage of which Dunes West was previously aware. In these circumstances, Dunes West necessarily anticipated or expected any damage which occurred after the policy's effective date. Thus, this damage did not constitute an "accident" under South Carolina law, and the district court correctly found that the policy does not provide coverage. Accordingly, we affirm the judgment of the district court.

AFFIRMED
